### J. H. CULBERSON v. THE STATE.

THEFT—INDICTMENT.—The ownership of the property alleged to be stolen must be averred in the indictment, or a sufficient reason stated for its omission, such as that the owner is to the grand jurors unknown.

APPEAL from the District Court of Kerr. Tried below before the Hon. T. M. PASCHAL.

No brief for the appellant.

*George McCormick*, Assistant Attorney General, for the State, submitted the case upon the record.

WHITE, J. The indictment in this case charges the defendant with the theft of a dun gelding, whose owner was unknown. Things, to be the subject of larceny, must have an owner in fact, though he may doubtless be unknown to the thief, as clearly he may be to the grand jury who indict him. 2 Bishop's Cr. Law, sec. 800.

An indictment for larceny must allege what is called the ownership of the property, unless some excuse appears and is averred for the omission, such as that the owner is to the grand jurors unknown. 2 Bishop's Cr. Proc., sec. 718, citing 1 Bishop's Cr. Proc., sec. 54 *et seq*.

The indictment in this case is a good one, under the rules above laid down. An examination of the facts, however, does not, in the opinion of this court, warrant the verdict and judgment of conviction rendered in the lower court. There is no positive testimony going to establish the defendant's guilt in the theft of the animal alleged to have been stolen, and the preponderance of the evidence, both direct and circumstantial, is decidedly in favor of the defense set up by him, to wit, that he had purchased the horse in San Antonio.

We cannot give our assent to a conviction rendered upon the testimony in this case. It is unnecessary to notice the other points presented. The judgment is reversed and the cause remanded.

*Reversed and remanded.*